CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X

JOSE FELIX GALAN FLORES and
ZACARIAS ATENCO OSORIO,
*individually and on behalf of others similarly*
*situated,*

                          *Plaintiffs*,

          -against-

STAR FOOD MART AND DELI CORP.
(D/B/A STAR FOOD MART & DELI), NUR
GROCERY TWO INC. (D/B/A NUR
GROCERY TWO DELI & GRILL), MANJUR
MORSHED, and ANOWAR HOSSAIN,

                         *Defendants.*

------------------------------------------------------X

**COMPLAINT**


**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiffs Jose Felix Galan Flores and Zacarias Atenco Osorio, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, CSM Legal, P.C., upon their knowledge and belief, and as against Star Food Mart And Deli Corp. (D/B/A Star Food Mart & Deli), Nur Grocery Two Inc. (D/B/A Nur Grocery Two Deli & Grill), ("Defendant Corporations"), Manjur Morshed, and Anowar Hossain, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are former employees of Defendants Star Food Mart and Deli Corp. (D/B/A Star Food Mart & Deli), Nur Grocery Two Inc. (D/B/A Nur Grocery Two Deli & Grill), Manjur Morshed, and Anowar Hossain.

2.       Defendants own, operate, or control "Star Food Mart & Deli", formerly known as "Nur Grocery Two Deli & Grill", a deli located at 301 E 4th St, New York, NY 10009.

3.      Upon information and belief, individual Defendants Manjur Morshed and Anowar Hossain, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the delis as a joint or unified enterprise.

4.      Plaintiffs were employed as deli workers at the delis located at 301 E 4th St, New York, NY.

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hours compensation for the hours that they worked.

6.      Rather, Defendants failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.      Furthermore, Defendants failed to pay Plaintiffs wages on a timely basis.

9.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a deli located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

15.    Plaintiff Jose Felix Galan Flores ("Plaintiff Galan" or "Mr. Galan") is an adult individual residing in Queens County, New York.

16.    Plaintiff Galan was employed by Defendants at Star Food Mart & Deli, formerly known as Nur Grocery Two Deli & Grill, from approximately July 2019 until on or about October 2022.

17.    Plaintiff Zacarias Atenco Osorio ("Plaintiff Atenco" or "Mr. Atenco") is an adult individual residing in Queens County, New York.

18.    Plaintiff Atenco was employed by Defendants at Star Food Mart & Deli, formerly known as Nur Grocery Two Deli & Grill, from approximately 2016 until on or about February 2023.

*Defendants*

19.    At all relevant times, Defendants own, operate, or control "Star Food Mart & Deli", formerly known as "Nur Grocery Two Deli & Grill", a deli located at 301 E 4th St, New York, NY 10009.

20.    Upon information and belief, Star Food Mart and Deli Corp. (D/B/A Star Food Mart & Deli) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 301 E 4th St, New York, NY 10009.

21.    Upon information and belief, Nur Grocery Two Inc. (D/B/A Nur Grocery Two Deli & Grill) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 301 E 4th St, New York, NY 10009.

22.     Defendant Manjur Morshed is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Manjur Morshed is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Manjur Morshed possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.     Defendant Anowar Hossain is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Anowar Hossain is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Anowar Hossain possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

24.     Defendants operate a deli located in a neighborhood in Manhattan.

25.     Individual Defendants, Manjur Morshed and Anowar Hossain possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

26.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

28.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

29.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

30.     Upon information and belief, Individual Defendants Manjur Morshed and Anowar Hossain operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)   operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)   intermingling assets and debts of their own with Defendant Corporations,

g)   diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)   Other actions evincing a failure to adhere to the corporate form.

31.   At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

32.   In each year from 2017 to 2023, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33.   In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the delis on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

34.   Plaintiffs are former deli workers, employed by Defendants.

35.   Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jose Felix Galan Flores*

36.   Plaintiff Galan was employed by Defendants from approximately July 2019 until on or about October 2022.

- 7 -

37.     Defendants employed Plaintiff Galan as a general assistant at the deli. Plaintiff Galan worked as a stocker, cashier, and supervised inventory.

38.     Plaintiff Galan regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

39.     Plaintiff Galan's work duties required neither discretion nor independent judgment.

40.     Throughout his employment with Defendants, Plaintiff Galan regularly worked in excess of 40 hours per week.

41.     From approximately July 2019 until on or about March 2020, Plaintiff Galan worked from approximately 9:00 p.m. until on or about 7:00 a.m. to 8:00 a.m., 6 days a week (typically 60 to 66 hours per week).

42.     From approximately April 2020 until on or about October 2022, Plaintiff Galan worked from approximately 4:00 p.m. until on or about 3:00 a.m. to 4:00 a.m., 6 days a week (typically 66 to 72 hours per week).

43.     During approximately two months in 2021, Plaintiff Galan worked the same schedule an additional day a week, for a total of 77 to 84 hours per week.

44.     Throughout his employment, Defendants paid Plaintiff Galan his wages in cash.

45.     From approximately July 2019 until on or about December 2021, Defendants paid Plaintiff Galan $16.00 per hour.

46.     From approximately January 2022 until on or about October 2022, Defendants paid Plaintiff Galan $13.00 per hour for 4 days a week and $16.00 per hour for 2 days a week.

47.     Plaintiff Galan's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

48.     For example, Defendants required Plaintiff Galan to work an additional 1 hour past his scheduled departure time every day and did not pay him for the additional time he worked.

49.     Defendants never granted Plaintiff Galan any breaks or meal periods of any kind.

50.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Galan regarding overtime and wages under the FLSA and NYLL.

51.     Additionally, Plaintiff Galan wrote down his hours in a notebook used in the store to track his hours worked.

52.     From approximately March 2022, Defendants did not pay Plaintiff Galan's wages on a weekly basis, resulting in late payments.

53.     Defendants did not provide Plaintiff Galan with an accurate statement of wages, as required by NYLL 195(3).

54.     Defendants did not give any notice to Plaintiff Galan, in English and in Spanish (Plaintiff Galan's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

55.     Defendants required Plaintiff Galan to purchase "tools of the trade" with his own funds—including utensils for the kitchen such as spoons, spatulas, and forks.

*Plaintiff Zacarias Atenco Osorio*

56.     Plaintiff Atenco was employed by Defendants from approximately 2016 until on or about February 2023.

57.     Defendants employed Plaintiff Atenco as a deli worker.

58.     Plaintiff Atenco regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

59.     Plaintiff Atenco's work duties required neither discretion nor independent judgment.

60.     Throughout his employment with Defendants, Plaintiff Atenco regularly worked in excess of 40 hours per week.

61.     From approximately July 2017 until on or about March 2020, Plaintiff Atenco worked from approximately 7:00 a.m. until on or about 5:00 p.m., 4 days a week, and from approximately 7:00 a.m. to 7:00 p.m., 2 days a week, (typically 64 hours per week).

62.     From approximately April 2020 until on or about February 6, 2023, Plaintiff Atenco worked from approximately 6:30 a.m. until on or about 4:00 p.m., 6 days a week (typically 57 hours per week).

63.     Throughout his employment, Defendants paid Plaintiff Atenco his wages in cash.

64.     From approximately June 2017 until on or about March 2020, Defendants paid Plaintiff Atenco $15.00 per hour.

65.     From approximately April 2020 until on or about February 6, 2023, Defendants paid Plaintiff Atenco $17.00 per hour.

66.     Defendants never granted Plaintiff Atenco any breaks or meal periods of any kind.

67.     Additionally, Defendants would track Plaintiff Atenco's hours worked on a notebook used in the store.

68.     However, Defendants did not pay Plaintiff Atenco on a regular weekly basis resulting in late payments.

69.     On a number of occasions, Defendants required Plaintiff Atenco to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

70.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Atenco regarding overtime and wages under the FLSA and NYLL.

71.     Defendants did not provide Plaintiff Atenco an accurate statement of wages, as required by NYLL 195(3).

72.     Defendants did not give any notice to Plaintiff Atenco, in English and in Spanish (Plaintiff Atenco's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

73.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them an appropriate spread of hours pay and overtime compensation as required by federal and state laws.

74.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

75.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

76.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Galan worked.

77.     On a number of occasions, Defendants required Plaintiffs to sign a document the contents of which they were not allowed to review in detail. Defendants paid Plaintiffs their wages in cash.

78.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

79.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

80.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

81.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

82.     Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

83.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

84.    Plaintiffs bring their FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

85.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

86.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

87.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

88.    At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

89.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

90.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

91.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

92.     Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

93.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

94.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

95.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

96.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

97.     Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

98.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

99.     Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

100.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

101.    Plaintiffs were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

102.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

103.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

104.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

105.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

106.     With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

107.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

108.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

109.     Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

110.     Plaintiffs were damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

111.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

- 16 -

112.     Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

113.     Defendants are liable to each Plaintiff in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(d)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(g)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(h)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(i)     Awarding Plaintiffs damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(j)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(k)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(l)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(m)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(n)     All such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

July 26, 2023

CSM LEGAL, P.C

By:        /s/ Catalina Sojo, Esq.     

Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

February 9, 2023

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Jose Felix Galan Flores

Legal Representative / Abogado:   CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                     9 de Febrero  2023

*Certified as a minority-owned business in the State of New York*

# CSM Legal, P.C.

### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

February 9, 2023

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Zacarias Atenco Osorio

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                     9 de Febrero  2023

*Certified as a minority-owned business in the State of New York*